RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JUN 30 A 10: 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Flora S. Messer,                    )    C. A. No. 2:06-0008-GRA-RSC
                                    )
            Plaintiff,              )
                                    )
      -versus-                      )    **REPORT AND RECOMMENDATION**
                                    )
Jo Anne Barnhart, Commissioner      )
of Social Security,                 )
                                    )
            Defendant.              )

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Flora S. Messer, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

On April 21, 2003, the plaintiff filed the current[1] application for disability insurance benefits alleging that she became disabled on October 4, 1998, due to an artificial heart valve, arthritis, bone loss, fragile bones, fractured left ankle, dizziness, high blood pressure, heart murmur, history of diverticulitis symptoms, gastroesophageal reflux disease, hiatal

---

[1] The plaintiff previously an application for disability insurance benefits on March 24, 1999, alleging she became disabled on October 3, 1998. This claim was denied initially on June 21, 1999, with no further appeal by the plaintiff.

hernia, circulation problems, fibromyalgia, and a limited education. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on July 14, 2004. A hearing was held on July 13, 2005, at which the plaintiff appeared with counsel, considered the case de novo, and on September 23, 2005, found that the plaintiff was not disabled as defined in the Social Security Act, as amended. The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on October 28, 2005.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the non-disability requirements for a period of disability and disability insurance benefits set forth in Section 216(I) of the Social Security Act and was insured for benefits only through December 31, 2004.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability, October 4, 1998.
>
> 3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulation 20 CFR § 404.1520(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not

2

>totally credible for the reasons set forth in the body of the decision.
>
>6. The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).
>
>7. On October 4, 1998, the claimant was 51 years old. She is currently 56 years old and for the purpose of this decision she is considered to be closely approaching advanced age (20 CFR § 404.153).
>
>8. The claimant has a limited 8th grade education (20 CFR 404.1564).
>
>9. The claimant has the residual functional capacity to perform less than the full range of medium work, which is work that involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds, with occasional standing, walking and sitting, pushing or pulling of hand or foot controls. If someone can do medium work we determine he or she can also do light and sedentary work (20 CFR 404.1567).
>
>10. The claimant's past relevant work as a dining room attendant, food prep, and motel housekeeper, did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR § 404.1545).
>
>11. The claimant's medically determinable impairments do not prevent the claimant from performing her past relevant work.
>
>12. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

Tr. 21-22.

### APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are

not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988)

4

(*citing* Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

### DISCUSSION

A review of the record and relevant case law reveals that the administrative law judge's decision is unreviewable and, as a result, the court cannot say that substantial evidence supports the decision to deny benefits.

At Step 2 of the sequential evaluation process, the administrative law judge found that "The claimant has an impairment or a combination of impairments considered 'severe'[2] based on the requirements in Regulation 20 CFR § 404.1520(b)." (T. 21, Finding 3). However the administrative law judge did not make a finding of which of the plaintiff's many impairments were

---

[2] The Fourth Circuit held in Evans v. Heckler, that "[a]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." 734 F.2d 1012, 1014 (4th Cir. 1984)) (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984), (citations omitted).

severe. Likewise, the administrative law judge wrote in the body of his opinion in discussion that, "The medical evidence indicates that the claimant has impairments which are severe within the meaning of the regulations but she does not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in the Listings of Impairments, Appendix 1, Subpart P, Regulations No. 4", but, again, did not indicate which of the plaintiff's impairments he found to be severe or which medical evidence he relied upon and the weight afforded that evidence in reaching the conclusion that she has unnamed severe impairments. (Tr. 16). However, later in a discussion of the plaintiff's psychiatric history, the administrative law judge did note that Plaintiff has a mental impairment[3] which is severe. (Tr. 18).

The court cannot proceed to review the administrative law judge's decision beyond Step 1. Since the administrative law judge failed to make complete findings and failed to explain adequately the basis for his findings, the matter should be reversed and remanded.

Courts review an administrative law judge's denial of disability benefits to determine whether the administrative law

---

[3] Presumably from the context of the discussion, the unnamed mental impairment is depression, although there is evidence of other mental impairments. For example, the plaintiff testified to having a memory impairment (T. 4), her internist placed her on Valium for stress, and Dr. Hegguist evaluated her for the Commissioner and recommended "ongoing mental health evaluation treatment." (T. 160, 163).

judge's decision was supported by substantial evidence. <u>See</u>, <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229, 59 S.Ct. 206 (1938).

The court is to address whether the administrative law judge has analyzed all of the relevant evidence and sufficiently explained his rationale in crediting certain evidence in conducting the "substantial evidence" inquiry. <u>See</u>, <u>Milburn Colliery Co. v. Hicks</u>, 138 F.3d 524, 528 (4th Cir. 1998).

Here there is no way to know why, or even whether, the administrative law judge rejected relevant evidence in the record. In similar situations, the Fourth Circuit Court of Appeals has held that a remand is necessary to clarify the basis for the decision to deny benefits. For instance, in <u>Gordon v. Schweiker</u>, 725 F.2d 231 (4th Cir. 1984), the court vacated and remanded the administrative law judge's decision denying benefits, stating that "[t]he courts ... face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

7

Id. at 236 (quoting Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977); Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (remanding the case to the Commissioner because the administrative law judge did not explain adequately why he credited one doctor's views over those of another doctor); see also, Bill Branch Coal Corp. v. Sparks, 213 F.3d 186 (4th Cir. 2000) (refusing to "guess" at the administrative law judge's rationale for discounting relevant evidence). The administrative law judge's failure to make and explain adequately his Step 2 findings results in a recommendation that the court find his decision to deny benefits was not supported by substantial evidence and remand the matter so that the Commissioner can make a proper reasoned reviewable decision on the plaintiff's application for benefits.

## **CONCLUSION**

Therefore, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case is remanded to the Commissioner to properly consider which of the plaintiff's impairments are severe at Step 2 of the sequential evaluation process and continue the sequential evaluation process to resolution. See, Melkonyan v. Sullivan,

111 S.Ct. 2157 (1991). The Clerk of Court should enter a separate judgment pursuant to Fed. R. Civ. P. 58.

>                                       Respectfully Submitted,
>
>                                       /s/ Robert S. Carr
>                                       Robert S. Carr
>                                       United States Magistrate Judge

Charleston, South Carolina,

June 29, 2006